IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv179

| | |
|---|---|
| KAREN M. MILLER, on behalf of Curtis B. Fink Jr. and Jacob Wayne Fink, Children of Curtis B. Fink, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pleading styled "Motion for Petition for Payment of Attorney's Fees" under the Equal Access to Justice Act. [Doc. 6].

**I. PROCEDURAL HISTORY**

The Plaintiff initiated this action on August 23, 2010, seeking review of the denial of her claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Unopposed Motion for

Remand on November 9, 2010. [Doc. 3]. On November 12, 2010, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 4].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $1,451.50. [Doc. 6-1]. In response, the Government objects. [Doc. 7].

II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner argues that an award for the number of hours sought is unjust. The Court's prior remand of this matter, and the absence of any contention by the Commissioner that its position

was substantially justified, causes the Court to conclude that some award of attorney fees under the EAJA is justified. However, for the reasons that follow, the Court finds persuasive the Commissioner's arguments favoring a lesser fee than Plaintiff claims.

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

Plaintiff claims fees in the amount of $1,451.50. [Doc. 6]. The Plaintiff's submissions in support of that request are sparse. Her motion is not accompanied by the customary memorandum and contains no identification or analysis of the applicable law and no argument thereon. [Doc. 33]. Such deficiencies make the Court's review of the petition for fees more difficult.

The Commissioner specifically argues against allowance of the claim for three attorney hours and eight paralegal hours for preparation and filing of Plaintiff's complaint. The Court has reviewed the complaint. It is three pages in length, follows a boilerplate format typical for Social Security

practitioners including Plaintiff's counsel, and gives the comparatively minimal required notice that neither demanded nor displays the eleven total hours claimed for its preparation. The extensive review of medical records claimed simply was not prudent or required in a case that had not even reached the answer stage when it was remanded, especially when counsel had represented Plaintiff at the administrative level. The Court expects to see time entries like these at the briefing stage, which was not even approached in this case, since an early remand occurred that was triggered not by counsel's efforts, but by the processes of the Appeals Council. [Doc. 3]. For this reason and based upon the Commissioner's several valid points, the claims for August 18 and August 22 are unjust under the EAJA. The Court will reduce that portion of Plaintiff's claim from 11 hours to 3 hours, allocated as 2 attorney hours and 1 paralegal hour.

Although the Commissioner is correct that the work performed on August 23 is described in an inadequate manner, the Court will allow the total time claimed. The named plaintiff had to be substituted between the administrative level to the District Court level due to the death of the claimant, a circumstance which can require more communication than might otherwise be required to get a complaint filed. The attorney and paralegal time claimed fairly reflects such conditions.

The Commissioner expresses no objection to the last claimed time entry, and the Court finds it reasonable.

Although Plaintiff's counsel does not support it by identifying the enabling statute, Plaintiff's request for certified mailing fees is in fact allowable pursuant to 28 USC 2412(d)(1)(A).  As the Commissioner does not object, but only notes a source of funds from which this should be paid, this request is allowed.

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines  that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii).  The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion.  <u>Payne v. Sullivan</u>, 977 F.2d 900, 901 (4th Cir. 1992).  Plaintiff does not seek an upward adjustment, asking a rate of $125 per hour for counsel's work.  The rate claimed is reasonable *per se*.

Plaintiff claims a rate of $65 per hour for paralegal work.  It is Plaintiff's obligation to prove that the claimed hourly rate for this work is in

keeping with "prevailing market rates" for paralegals in this District, but has provided no proof. See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008). His claim does coincide with the fact that in this District, paralegal services have been compensated at a rate of $65.00 per hour. The Court concludes that a rate of $65.00 per hour is reasonable.

Based upon these reasonable hourly rates, the Court concludes that a total attorney fee award of $505.00, representing three attorney hours and two paralegal hours, with the addition of $16.50 in fees and $350.00 in costs, is justified.

The U.S. Supreme Court in Astrue v. Ratliff, 560 S.Ct.___, 2010 WL 2346547 (June 14, 2010) clarified that the "prevailing party" entitled to benefits under the EAJA is the claimant, not his attorney. Ratliff at *4-7. As such, the fee awarded below shall be made payable to the Plaintiff, but mailed to his counsel.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 6] is hereby **GRANTED** in part, and:

(1)   The Plaintiff is hereby awarded $521.50 for attorney's fees and

expenses awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

(2)  The Plaintiff is further awarded $350.00 in costs, to be certified by the Office of the United States Attorney to the Department of Treasury for payment from the Judgment Fund.

(3)  Defendant shall inform Plaintiff's counsel whether Plaintiff owes a debt to the government by which this fee award may be offset no later than 30 days from the entry of this Order.

**IT IS FURTHER ORDERED** the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 14] is hereby **DENIED** in part, denying his remaining claim.

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: January 18, 2011

Martin Reidinger
United States District Judge